UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LOUIS VALENTINE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>G.D. LEWIS,<br><br>　　　　　　Respondent. | **No. LA CV 13-07277-VBF-SH**<br><br>**OPINION and ORDER**<br><br>Overruling the Petitioner's Objections;<br><br>Adopting the R&R as Modified;<br><br>Referring the Petition to the U.S. Court of Appeals per Ninth Circuit Rule 22-3(a);<br><br>Dismissing the Petition without Prejudice for Lack of Subject-Matter Jurisdiction;<br><br>Denying a Certificate of Appealability |

　　　This is a *pro se* state prisoner's action for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the petition be dismissed *with* prejudice because petitioner has not obtained leave from the U.S. Court of Appeals for the Ninth Circuit ("the Circuit") to file a second-or-successive habeas petition attacking the same conviction or sentence. First, the Court will supplement the R&R by referring the petition to the Circuit for consideration as an application for leave to file a second-or-successive habeas petition, as required by Ninth Circuit Rule. Second, for the reasons that follow, the Court will followed the recommendation to dismiss the petition for lack of subject-matter jurisdiction; the dismissal, however, will be *without* prejudice, not with prejudice as the R&R urges. Third, the Court will deny a certificate of appealability ("COA"). Finally, the Court will enter judgment by

separate document as required by Fed. R. Civ. P. 58.

**Two Prior Federal Habeas Petitions.** In 1982, petitioner was convicted in L.A. County Superior Court case number A366030 of conspiracy to commit murder. In 1989, petitioner filed a section 2254 habeas petition in this Court challenging that conviction; another member of this court denied that petition and dismissed it with prejudice in 1990, and the Ninth Circuit affirmed in 1992. In 1993, petitioner filed another section 2254 habeas petition in this court challenging that same 1983 conviction; in 1994, another member of this court dismissed that second petition with prejudice, and both the district court and the Ninth Circuit denied a certificate of probable cause (the predecessor to the certificate of appealability).[1]

**The Current, Third Federal Habeas Petition.** The instant petition, filed on October 2, 2013, challenges the same aforementioned 1983 L.A. County Superior Court Case No. A366030 conviction and sentence. The respondent has moved to dismiss the petition on the ground that petitioner has failed to show that he has obtained leave from the Ninth Circuit to file a second-or-successive federal habeas petition challenging the same conviction and/or sentence, and the Magistrate Judge rightly recommends granting the motion to dismiss.

The pending petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA") which became effective April 24, 1996. As amended by AEDPA, 28 U.S.C. § 2244(b) now reads in pertinent part as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[1] While incarcerated in California state prison, petitioner filed a 42 U.S.C. section 1983 civil-rights action against an Institution Gang Investigator in the United States District Court for the Eastern District of California, but it was dismissed without prejudice last year for failure to exhaust administrative remedies. *See Joe Louis Valentine v. J. Yerena*, Case No. 1:11-cv-01220-LJO-DLB, 2013 WL 1896190 (C.D. Cal. May 6, 2013) (Dennis Beck, M.J.).

>  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>  (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the petition now pending challenges the same conviction as his two prior federal habeas petitions, it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent that petitioner seeks to pursue the same claims he previously asserted, the petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). *See, e.g., Timmons v. Spearman E.*, 2014 WL 1340224, *2 (C.D. Cal. Apr. 3, 2014) (Real, J.) ("[T]o the extent that Petitioner is now purporting to raise claims previously raised in [prior federal habeas petition], § 2241(b)(1) compels dismissal of those claims."); *Myers v. Curry*, 2008 WL 4195934, *2 (C.D. Cal. Sept. 2, 2008) (Fairbank, J.) ("To the extent the instant Petition merely asserts the same claim that was previously asserted, the petition is subject to dismissal pursuant to § 2244(b)(1).").

To the extent that petitioner asserts claims not asserted in his two prior federal habeas petitions, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the district court to consider the petition, prior to his filing of it in this court. "To obtain

3

leave to file, petitioner would have shouldered the burden of satisfying a Circuit panel that his petition satisfies the requirements of 28 U.S.C. § 2255(h)", *Jackson v. Hedgpeth*, 2013 WL 3864216, *3 (C.D. Cal. July 24, 2013), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 9th Cir. R. 22-3, Applications for Authorization to File Second or Successive § 2254 Petition.[2] Petitioner's failure to secure such an order from the Circuit deprives

---

[2] "The Circuit will grant leave to file a second or successive petition if it determines that the application makes a *prima facie* showing that it satisfies the requirements of 28 U.S.C. § 2244(b)(3)(C)." *McKinley v. Grounds*, 2013 WL 3872198, *4 n.5 (C.D. Cal. June 12, 2013). "Only after the Circuit has made the initial determination that the petitioner has made a *prima facie* showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b)." *McKinley*, 2013 WL 3872198 at *4 n.5 (citing, *inter alia*, 28 U.S.C. § 2244(b)(4)).

Thus, it is a misnomer to say that the Circuit "grants leave to file" the successive petition. Rather, when the circuit finds a prima facie case, it merely gives petitioner permission to present his application for leave to file for fuller consideration by the district court. *See Goldblum v. Klem*, 510 F.3d 204, 219 (3d Cir. 2007) ("'By prima facie showing we understand . . . simply a sufficient showing of possible merit to warrant a fuller explanation by the district court.'") (quoting *Bennett v. US*, 119 F.3d 468, 469 (7th Cir. 1997)).

Section 2244(b)(4) provides, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the application satisfies the requirements of this section." "Under § 2244(b)(4), the petitioner must make 'more than another *prima facie* showing in the district court"; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." *US v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000). *See also Case*, 731 F.3d at 1029 ("'The movant must get through two gates before the merits of the motion can be considered.' Thus, gate one is at the circuit court level where a preliminary assessment occurs based

the Court of subject-matter jurisdiction at this time. *See, e.g., Hill v. Warden*, 2014 WL 1093041, *1 (C.D. Cal. Mar. 18, 2014) ("That petition was summarily dismissed for lack of subject matter jurisdiction as a second or successive petition within the meaning of 28 U.S.C. § 2244(b) . . . .").

**It is still possible, however, that petitioner will obtain such leave from the Ninth Circuit. The case, therefore, will be dismissed without prejudice to its re-filing in this court if and when petitioner obtains leave from the Circuit to do so.** *See, e.g., Castaneda v. Long*, No. 13-959-PA, 2014 WL 996490 (C.D. Cal. Mar. 13, 2014) ("The current federal petition is . . . dismissed *without* prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.") (emphasis added); *Jointer v. Gonzales*, 2014 WL 935293, *1 n.4 (C.D. Cal. Mar. 10, 2014) (Manuel Real, J.) ("[T]he District Judge denied the 2011 Petition as successive and dismissed the action *without* prejudice to its refiling when Petition[er] obtained the requisite permission from the Ninth Circuit to file a successive petition in the District Court."); *McGauthy v. Venezuela*, 2013 WL 3668463, *2 (C.D. Cal. July 12, 2013) (George Wu, J.) (same). *Accord US v. Briley*, 2001 WL 185471, *1 (N.D. Ill. Feb. 26, 2001) ("[T]his Court summarily dismisses the petition without prejudice to its possible renewal if Perkins were hereafter to obtain leave to file from the Court of Appeals.").[3]

---

on the application; gate two is at the district court level where a record is made and a final assessment occurs.") (quoting *Bennett*, 119 F.3d at 470, and citing, *inter alia*, *Thompson v. Calderon*, 151 F.3d 918, 925 (9th Cir. 1998)).

In making the conclusive determination about leave to file, "the district court must not defer to [the circuit court's] preliminary determination . . . ." *See Case v. Hatch*, 731 F.3d 1015, 1029 (10th Cir.), *cert. denied*, – U.S. –, 134 S. Ct. 269 (2013). *See, e.g., Goodrum v. Busby*, 2012 WL 2190896, *1 (S.D. Cal. June 13, 2012) ("Petitioner . . . has been granted leave to file a second or successive petition by the Ninth Circuit . . . . The Court now considers whether Petitioner's current application meets the standard . . . to permit Petitioner to proceed with a successive petition in this Court. [T]he court finds that Petitioner has not met the requirements of 28 U.S.C. § 2244(b)(2)(B) . . . ."), *relief from judgment denied*, 2012 WL 5269310 (S.D. Cal. Oct. 23, 2012), *COA granted in part sub nom. Goodrum v. Hoshino*, 2013 WL 499861 (S.D. Cal. Feb. 8, 2013).

[3] More broadly, apart from the possibility that petitioner may yet obtain leave to file from the Ninth Circuit, "'[a] court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.'" *Bender v. McGrew*, 2014 WL 1152952, *4 (C.D. Cal. Mar. 21, 2014) (Selna, J.) (quoting *Murray*

1       NINTH CIRCUIT RULE 22-3(a) REQUIRES "REFERRAL" OF THIS ACTION

2       **Ninth Circuit Rule 22-3(a) states, in part, that "[i]f a second or successive petition or

3       motion, or an application for authorization to file such a petition or motion, is mistakenly

4       submitted to the district court, the district court shall refer it to the court of appeals."** The

5       Supreme Court adheres to the venerable principle of construction that the word "shall" indicates

6       that the action is mandatory, not optional or discretionary. *See Sebelius v. Auburn Regional Med.*

7       *Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013) (referring to "the mandatory word 'shall'"); *Gonzales v.*

8       *Thaler*, – U.S. –, 132 S. Ct. 641 (2012) (the word "shall" in 28 U.S.C. § 2253(c)(3) underscores the

9       mandatory nature of that provision); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S.

10      644, 661, 127 S. Ct. 2518 (2007) ("Section 402(a) of the CWA provides, without qualification, that

11      the EPA 'shall approve' a transfer application unless it determines that . . . .  By its terms, the

12      statutory language is mandatory . . . ."); *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714 (2001).

13      **The Ninth Circuit likewise holds that "use of the words 'any' and 'shall' indicate that

14      [a provision] is not permissive**," *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1181 (9th Cir.

15      2013) (citing, *inter alia*, *Alabama v. Bozeman*, 533 U.S. 146, 153, 121 S. Ct. 2079 (2001) ("The

16      word 'shall' ordinarily is the language of command.") (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493,

17      55 S. Ct. 818 (1935))); *US v. Carter*, 742 F.3d 440, 446 (9th Cir. **2014**) ("[B]y using the words

18      'shall order' in a forfeiture statute, 'Congress could not have chosen stronger words to express its

19      intent that forfeiture be mandatory . . . .'") (quoting *US v. Monsanto*, 491 U.S. 600, 607, 109 S. Ct.

20      2657 (1989)); *US v. Chavez*, 627 F.2d 953, 954-55 (9th Cir. 1980). *See, e.g., Krangel v. Crown*,

21      791 F. Supp. 1436, 1440 (S.D. Cal.) (calling "shall" "a clearly mandatory term"), *app. den.*, 968

22      F.2d 914 (9th Cir. 1992); *William v. Bd. of Prison Terms*, 2006 WL 463128, *3 (E.D. Cal. Feb. 24,

23      2006) ("What the Court found significant in the . . . parole statutes, was mandatory language: the

24      use of the word 'shall' . . . .") (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11-12, 99

---

*v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006)); *accord Hernandez v. Conriv Realty Assocs.*, 182 F.3d 181, 183 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."), *cited by Vitrano v. Mulisnic*, 2013 WL 6850031, *7 (C.D. Cal. Dec. 27, 2013) (Bernal, J.) and *House v. US*, 2013 WL 4602435, *5 (C.D. Cal. Aug. 27, 2013) (King, C.J.).

S. Ct. 2100 (1979) and *Bd. of Pardons v. Allen*, 482 U.S. 369, 377-78, 108 S. Ct. 2415 (1987)), *R&R adopted*, 2006 WL 845594 (E.D. Cal. Mar. 30, 2006).[4]

**Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition, a federal district court has no choice but to "refer" the petition to the U.S. Court of Appeals for the Ninth Circuit.** Failure to do so would violate the plain and mandatory language of Ninth Circuit Rule 22-3(a).

The question arises whether the Court can both "refer" this petition to the Circuit and then dismiss the action without prejudice for lack of jurisdiction. Like numerous judges in our Circuit, the Court concludes that this is the appropriate course of action. The lack of subject-matter jurisdiction requires the Court to dismiss, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit, and there is no authority suggesting a conflict between the two requirements. Therefore, the Court will do both. *See, e.g., Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the [c]urrent [f]ederal [p]etition to the . . . Ninth Circuit . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.) (same); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (Pregerson, J.); *Jones v.*

---

[4] *Accord* Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) ("The traditional, commonly repeatedly rule [of construction] is that 'shall' is mandatory . . ."); *Ass'n of Civilian Technicians v. FLRA*, 22 F.3d 1150, 1153 (D.C. Cir. 1994) ("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive.").

7

*Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Gee, J.).[5]

CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or from a district judge's final order in a § 2254 proceeding,[6] and the district court must issue or deny a COA when it enters a final order adverse to the petitioner, *see* Rule 11(a) of Rules Governing § 2254 Cases. The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citation omitted), which means the court may grant a COA on one claim and not on others.

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor'", *Adams v. Hedgpeth*, No. LA CV 14-01464-VBF Doc. ___ at 8 (C.D. Cal. Apr. 10, 2014) (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists would not find it debateable that the petition mat be dismissed without prejudice for lack of subject-matter jurisdiction because petitioner has not alleged that he obtained

---

[5] *Accord Richey v. Obenland*, 2013 WL 4054589, *3 (**W.D. Wash.** Aug. 12, 2013) (adopting recommendation that "[p]ursuant to Ninth Circuit Rule 22-3(a), the petition should be transferred to the Ninth Circuit . . . ."); *Hawkins v. Miller-Stout*, 2013 WL 6114976, *5 (W.D. Wash. Nov. 15, 2012) ("Hawkins filed a fourth federal habeas corpus petition challenging his custody. Finding the successive petition was subject to 28 U.S.C. § 2244(b), the Court transferred the petition to the Ninth Circuit pursuant to Circuit Rule 22-3."), *R&R adopted*, 2012 WL 6114946 (W.D. Wash. Dec. 20, 2012) (Bryan, J.).

[6] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

leave from the Ninth Circuit to file a second-or-successive habeas petition. Nor would reasonable jurists find it debateable that Ninth Circuit Rule 22-3(a) requires this Court to refer the petition to the U.S. Court of Appeals, leaving the Court no discretion or authority to do otherwise.[7] In the posture of this case, the petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

### ORDER

Petitioner's Objection **[Doc #14] is OVERRULED**.[8]

The Court **ADOPTS** the Report and Recommendation **[Doc #12] with the following modifications:**

Pursuant to Ninth Circuit Rule 22-3(a), the Court **REFERS** the habeas petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court **SHALL SEND** a copy of the habeas petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

This action is then **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable if petitioner does not obtain a certificate of appealability from the U.S. Court of Appeals.[9]

As required by FED. R. CIV. P. 58(a)(1), the judgment will be issued separately.[10]

---

[7] It is unclear whether a habeas petitioner needs a COA in order to appeal from a district court's order referring his petition to the Court of Appeals pursuant to such a circuit rule.

[8] Petitioner's objections do not allege that he has obtained leave from the Circuit to file this second-or-successive habeas petition for consideration by this Court. Nor does he contend that AEDPA does not required him to obtain such leave from the Circuit. Most significantly, he does not dispute that in the absence of leave to file from the Circuit, this Court lacks subject-matter jurisdiction over the petition as a matter of law. Rather, the objections merely argue the merits of his habeas claims.

[9] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1).

[10] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). "To comply with Rule 58, an order must

9

DATED:      April 14, 2014

*Valerie Baker Fairbank*
―――――――――――――――――――
VALERIE BAKER FAIRBANK
Senior United States District Judge

---

(1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013).  Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008).